**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ANGELICA DEHOYOS, Individually and on behalf of Others Similarly Situated<br>    Plaintiff, | § | |
| | | |
| V. | § | CIVIL ACTION NO. 4:21-cv-2217 |
| | | |
| DENTRUST DENTAL INTERNATIONAL, INC., d/b/a DOCS HEALTH, DENTRUST DENTAL TEXAS, P.C., and STAFFDR, INC.,<br>    Defendants. | §<br><br><br><br>§ | <br><br><br><br>JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendants Dentrust Dental International, Inc., d/b/a DOCS Health ("DOCS"), Dentrust Dental Texas, P.C. ("DOCS Texas"), and StaffDr, Inc. ("StaffDr") have a business plan that includes paying non-exempt employees on a day rate basis day rate for all days worked, and at times paying them more or less than the agreed-upon day rate based on the number of hours worked in a day. This plan also includes not paying an overtime premium for those hours the employees work over 40 per workweek.  Defendants' failure to pay the overtime premium required by law allows them to gain an unfair advantage over competitors who follow the law in their employment practices.  Plaintiff Angelica DeHoyos ("DeHoyos" or "Plaintiff") is one of the workers hired by Defendants as a day-rate employee and not paid overtime pay, and brings this lawsuit against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

**Facts Supporting Relief**

**Allegations Related to Plaintiff's and Her Co-Workers' Claims**

1.     DeHoyos worked for Defendants as an employee performing COVID testing and COVID vaccination, and as a crew leader of groups of other employees, from December of 2020 until May of 2021.

2.     DeHoyos's duties included setting up testing and vaccination events, performing COVID testing and COVID vaccination for the public at sponsored events, performing walk-throughs of event sites prior to events to ensure that they could be held at designated locations, and leading groups of others of Defendants' employees at testing and vaccination events.

3.     DeHoyos's co-workers performed similar duties, setting up and working at COVID testing and vaccination events.

4.     During the time she worked for the Defendants, DeHoyos regularly worked in excess of 40 hours per week.

5.     Many of DeHoyos's co-workers also worked more than 40 hours per week for the Defendants.

6.     Defendants promised to pay DeHoyos and her co-workers on a day-rate basis, that is, the same amount of money each day for all hours worked in a day.

7.     Defendants did not always pay DeHoyos and her co-workers the same amount of money for each day that they worked; instead, Defendants sometimes paid DeHoyos and her co-workers more or less money based on how many hours they worked in a day.

8.     Defendant did not pay DeHoyos and her co-workers an overtime premium for any of the hours they worked in excess of 40 in a workweek.

**Allegations Regarding FLSA Coverage**

9.      Defendant DOCS is a Pennsylvania corporation that is not registered to do business in Texas, and that is covered by and subject to the overtime requirements of the FLSA.

10.     Defendant DOCS Texas is a Texas professional corporation that is covered by and subject to the overtime requirements of the FLSA.

11.     Defendant StaffDr is a Texas corporation that is covered by and subject to the overtime requirements of the FLSA.

12.     During each of the three years prior to this complaint being filed, DOCS was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

13.     During each of the three years prior to this complaint being filed, DOCS Texas was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

14.     During each of the three years prior to this complaint being filed, StaffDr was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

15.     During each of the three years prior to this complaint being filed, Defendant

DOCS regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

16.    During each of the three years prior to this complaint being filed, Defendant DOCS Texas regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

17.    During each of the three years prior to this complaint being filed, Defendant StaffDr regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

18.    During each of the three years prior to this complaint being filed, Defendant DOCS conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

19.    During each of the three years prior to this complaint being filed, Defendant DOCS Texas conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

20.    During each of the three years prior to this complaint being filed, Defendant StaffDr conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

21.    During each of the three years prior to this complaint being filed, Defendant DOCS's employees used or handled goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

22.     During each of the three years prior to this complaint being filed, Defendant DOCS Texas's employees used or handled goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

23.     During each of the three years prior to this complaint being filed, Defendant StaffDr's employees used or handled goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

24.     During the time that they worked for the Defendants, DeHoyos and her co-workers administered tests and vaccines that were manufactured outside the state of Texas.

25.     During the time that they worked for the Defendants, DeHoyos and her co-workers wore and used PPE that was manufactured outside the state of Texas.

### Plaintiff's Claims

26.     Defendants were legally required to pay DeHoyos and her similarly situated co-workers overtime pay for all hours that these individuals worked for Defendants in excess of 40 in any workweek.

27.     DeHoyos worked over 40 hours in many workweeks that she worked for Defendants.

28.     DeHoyos's co-workers worked over 40 hours in many workweeks that they worked for Defendants.

29.     Defendants jointly employed DeHoyos and her co-workers: DOCS and DOCS Texas hired StaffDr to provide workers like DeHoyos to perform COVID testing and vaccinations for them to fulfill contracts with governmental agencies.

30.     Defendants all benefited from the work of DeHoyos and her co-workers and had a joint interest in the work that the employees performed.

31.     DeHoyos and her co-workers were paid by StaffDr for the testing work they performed.

32.     DeHoyos and her co-workers were paid by DOCS for the vaccination work they performed.

33.     DeHoyos and her co-workers were paid by DOCS Texas for the vaccination work they performed.

34.     Defendants did not pay DeHoyos or her co-workers time-and-a-half for any of the overtime hours that they worked for the Defendants.  Defendants' underpayment of the Plaintiff, often referred to as "wage theft," allowed Defendants to gain an unfair and improper profit and advantage in the marketplace as compared to other businesses that pay their employees all of the money required by law.

35.     Defendants did not keep track of how many hours DeHoyos and her co-workers worked each day or each workweek.  Defendants did not have any system in place for tracking the number of hours each person worked.

<b>Cause of Action</b>

<b>Violation of the FLSA – Failure to Pay Overtime Wages Owed</b>

36.     Defendants violated the FLSA by failing to pay DeHoyos overtime pay for hours worked over 40 per workweek.

37.     DeHoyos has suffered damages as a direct result of Defendants' illegal actions.

38.     Defendants are liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA.

**Collective Action Allegations**

39.     The Defendants' failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the workers; that is, paying COVID testing and vaccination workers on a variable day-rate basis and not paying them overtime pay for hours worked in excess of 40.  This generally applicable policy is prohibited by the FLSA.  Thus, Plaintiff's experience is typical of the experiences of her co-workers who performed the same duties, making them similarly situated.

40.     The class of similarly situated individuals is properly defined as:

> **All COVID testing and vaccination workers who are/were employed by and paid on a day-rate basis by Defendants DOCS, DOCS Texas, and/or StaffDr during the three-year period preceding the filing of this Complaint.**

## Defendant, Jurisdiction, and Venue

41.     Defendant Dentrust Dental International, Inc., doing business under the assumed name of DOCS Health, is a Pennsylvania corporation that is not registered to do business in Texas.  This Defendant may be served with process through the Texas Secretary of State, with the summons directed to its president, Lawrence B. Caplin, STE 101975 Easton Rd., Warrington, PA 18976-1858.

42.     Defendant Dentrust Dental Texas, P.C. is a Texas professional corporation and an "employer" as defined by the FLSA.  Defendant may be served through its registered agent, Leonard F. Green at 4600 Spicewood Springs Road, Suite 102, Austin, Texas 78759, or wherever he may be found.

43.     Defendant StaffDr, Inc. is a Texas corporation and an "employer" as defined by the FLSA.  Defendant may be served through its registered agent, Joseph A. BenPerlas, 26101 Brickhill Drive, Spring, Texas 77389, or wherever he may be found.

44.     This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## **Demand for Jury**

45.     Plaintiff demands a trial by jury.

## **Prayer for Relief**

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1.     Issuance of notice as soon as possible to all persons performing COVID testing and vaccination work who are/were employed by and paid on a day-rate basis by Defendants.  Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked;
2.     Judgment against Defendants for an amount equal to Plaintiff's and similarly situated individuals' unpaid overtime wages at the applicable rate;
3.     An equal amount to the overtime wage damages as liquidated damages;
4.     To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5.     All costs and attorney's fees incurred prosecuting these claims;
6.     Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and
7.     For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF ANGELICA DEHOYOS**